UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESUS GASPAR ANTONIO GONZALEZ, | No. 2:26-CV-01325-SAB |
| Petitioner, | |
| v. | |
| JULIO HERNADEZ, Acting Director of Seattle Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLEN, Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Acting U.S. Attorney General; BRUCE SCOTT, Warden of Northwest ICE Processing Center, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondents. | |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. §, 2241, ECF No. 1. Petitioner is represented by Aaron Korthuis, Kevin Hollinz, Leila Kang, and Matt Adams. Respondent is represented by

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ~ 1**

Michelle R. Lambert. Having reviewed the relevant record, the Court **grants** Petitioner's petition.

In 2019, Petitioner attempted to enter the United States with his children. He was found and served with a Notice to Appear (NTA). His initial removal proceedings were terminated in 2023 because the NTA was defective. He refiled his asylum application in February 2025. He presented himself at the ICE office after learning ICE wanted him to report. He was taken into custody and had been detained ever since at the Northwest ICE Processing Center (NWIPC).

Writs of habeas corpus may be granted by a district court within its respective jurisdiction. 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief—more specifically, that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment guarantee of due process applies in deportation proceedings and protects noncitizens subject to final orders of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001).

Individuals detained pursuant to 8 U.S.C. § 1225(b) are subject to mandatory detention. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). However, prolonged mandatory detention pending removal proceedings without a bond hearing will, at some point, violate the right to due process. *Banda v. McAleenan*, 385 F. Supp.3d 1099, 1106 (W.D. Wash. 2019). Courts in this district apply a six-factor test to determine whether prolonged mandatory detention violates due process: (1) the total length of detention, (2) the likely duration of future detention, (3) the conditions of detention, (4) delays in the removal proceedings caused by the detainee, (5) delays in the removal proceedings caused by the government, and (6)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ~ 2**

the likelihood that the removal proceedings will result in a final order of removal. *Id.*

### 1. Length of Detention

Petitioner has been detained for nearly fourteen months without ever appearing before a neutral decisionmaker to review whether his continued confinement is justified.

This factor weighs in favor of Petitioner.

### 2. Likely Duration of Future Detention

The anticipated duration of the removal proceedings includes all administrative and judicial appeals. *Banda*, 385 F.Supp.3d at 1119.

Petitioner has been ordered removed and is awaiting determination of his appeal by the BIA prior to his removal order becoming administratively final. His appear has been pending since September 2025. He has yet to receive a briefing schedule or hearing transcript. If BIA denies his appeal, he is entitled to file a petition with the Court of Appeals.

This factor weighs in favor of Petitioner.

### 3. Conditions of Detention

Petitioner provided a declaration detailing the conditions at NWIPC. In addition, the Court notes that other courts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness. *See e.g.*, *Toktosunov v. Wamsley*, No. C25-1724, 2025 WL 3492858, at *5 (W.D. Wash. Dec. 5, 2025).

This factor weighs in favor of Petitioner.

### 4. Delays in Removal Proceedings Caused by the Detainee

There is no evidence in the record that Petitioner has contributed to any delays in his removal proceedings. Accordingly, this factor is neutral.

### 5. Delays in Removal Proceedings Caused by the Government

There is no evidence in the record that the Government has contributed to

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ~ 3**

any delays in Petitioner's removal proceedings. Accordingly, this factor is neutral.

**6.    Likelihood that the Removal Proceedings will Result in a Final Order of Removal**

This factor considers the ultimate disposition of Petitioner's removal proceedings. *See Banda*, 385 F. Supp.3d at 1120. The outcome of Petitioner's appeal to the BIA is unknown. Accordingly, this factor is neutral.

**7.    Weighing the Factors**

The first three factors weigh in favor of Petitioner, and the final three factors are neutral. Under these circumstances, the Court finds that the *Banda* factors support a finding that Petitioner's detention is unlawful and he is entitled to habeas relief.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. §, 2241, ECF No. 1, is **GRANTED**.

2.    Petitioner's ongoing and prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. The Court directs the Government to hold a bond hearing within fourteen (14) calendar days of the entry of this Order.

a.    The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)—there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

b.    The IJ shall allow Petitioner to present evidence of financial circumstances or alternative conditions of release that would mitigate any potential dangerousness or risk of flight;

c.    In the alternative, the Government shall immediately release

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ~ 4**

Petitioner under appropriate conditions of release.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to counsel, enter judgment in favor of Petitioner and against Respondent, and **close** the file.

**DATED** this 12th day of May 2026.

_____

Stanley A. Bastian
U.S. District Court

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ~ 5**